Defendant-appellant James E. Davis appeals the April 21, 1998 Judgment Entry of the Delaware County Court of Common Pleas adjudicating him a sexual predator. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On May 24, 1995, appellant pled guilty to one count of rape in violation of Section 2907.02(A)(1)(b). On October 25, 1995, the trial court sentenced appellant to eight to twenty-five years.
After the enactment of Ohio's version of Megan's Law in R.C. Chapter 2950, the Ohio Department of Rehabilitation and Corrections recommended appellant be adjudicated a sexual predator. The trial court scheduled an H.B. 180 hearing for October 17, 1997. However, the hearing was continued until April 20, 1998, to receive guidance from the Ohio Supreme Court's decision in State v. Cook (1998), 83 Ohio St.3d 404.
On October 14, 1997, the trial court filed a "Notice of Consideration of Sexual Predator Status" informing the parties the Ohio Department of Rehabilitation and Corrections had recommended appellant be adjudicated a sexual predator. In the Notice, the trial court ordered the prosecuting attorney to determine whether, based on the evidence, the State would contend appellant was a sexual predator. If the State determined to pursue sexual predator classification, the trial court further ordered the State to file a "petition," and serve the petition on opposing counsel three days before the hearing. The State neither filed the petition nor served a copy on opposing counsel prior to the hearing.
At the hearing, the State apologized for not timely filing the petition and offered the court and defense counsel a copy of his petition. As of the hearing, the petition had not yet been filed. Notwithstanding this failure, the State advised the court it was ready to proceed with the sexual predator hearing.
Counsel for appellant strenuously objected to going forward with the hearing and to the hearsay testimony to be presented through the State's only witness. Defense counsel argued no hearing should take place because the State failed to file or serve a notice that it intended to pursue the sexual predator classification for appellant. Defense counsel maintained the State's violation of court order required the court, pursuant to its own order, to determine appellant was not a sexual predator due to a lack of evidence.
The trial court offered defense counsel a continuance to prepare. However, after learning the court would ultimately proceed with a sexual predator hearing, defense counsel agreed to proceed with the hearing that day. Defense counsel explained that the objection was not to the hearing proceeding that day, but rather to the hearing proceeding at all.
The State called Ms. Donna Bukovec, an investigator for the Child Abuse and Neglect Division of the Delaware County Department of Human Services and Child Services. Ms. Bukovec's knowledge of the case was based on the presentence investigation, her interviews of the victim, and interviews of the victim's family. Defense counsel registered a continuing objection to all of Ms. Bukovec's testimony as hearsay.
Ms. Bukovec testified the victim was approximately six years of age when appellant began to sexually abuse her. The abuse began shortly after the victim's mother married appellant and continued until the child was thirteen years of age. It was only then the victim told her mother about appellant's behavior.
No exhibits were presented by either party. Defense counsel argued the State had not sustained its burden because it failed to present any evidence outside of the conviction. Further, Defense Counsel noted only a few of the items on the sexual predator screening instrument applied to appellant.
After reviewing the evidence presented at the hearing, the trial court adjudicated appellant a sexual predator. Appellant timely filed his notice of appeal and sets forth the following assignments of error:
 I THE TRIAL COURT ERRED IN ITS DETERMINATION THAT APPELLANT IS A SEXUAL PREDATOR WHEN IT FAILED TO FOLLOW ITS OWN ORDER OF OCTOBER 14, 1997 IN CONTRAVENTION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE __________, (SIC) SECTION __________ (SIC) BY GOING FORWARD ON A HEARING WHERE THE DEFENSE DID NOT RECEIVE PROPER NOTICE AND THE MATTER WAS NOT PROPERLY BEFORE THE COURT.
 II THE TRIAL COURT ERRED IN ITS DETERMINATION THAT APPELLANT IS A SEXUAL PREDATOR BECAUSE SUCH A DETERMINATION IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
In his first assignment of error, appellant contends the trial court violated his due process rights by proceeding with the sexual predator hearing in contravention of its own order. The October 14, 1997 Notice of Consideration of Sexual Predator Status states as follows:
It is hereby ordered:
 1. The Prosecuting Attorney shall determine whether he contends this offender is a sexual predator. If he does so contend, he shall file with the court — within three (3) days after his notice is filed — a petition to determine that this offender is a sexual predator and serve a copy on the offender and counsel.
 2. If the Prosecuting Attorney does not contend the offender should be adjudicated a sexual predator, then the court will determine, based on a lack of evidence, that the offender is not a sexual predator.
Appellant points to paragraph two of the above-quoted order and argues the trial court should have determined appellant was not a sexual predator because the State failed to file a petition. Appellant contends the trial court erred by not following through on its own order. We do not agree.
R.C. 2950.09(C) articulates the procedure or holding a sexual predator hearing when, as in the matter sub judice, an incarcerated offender was convicted and sentenced prior to the January 1, 1997 effective date of the statute. It provides, in pertinent part:
 (C)(1) * * * prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. * * * If the department determines that it will recommend that the offender be adjudicated as being a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender and shall enter its determination and recommendation in the offender's institutional record, and the court shall proceed in accordance with division (C)(2) of this section.
 (2) If, pursuant to division (C)(1) of this section, the department of rehabilitation and correction sends to a court a recommendation that an offender * * * be adjudicated as being a sexual predator, * * * the court may conduct a hearing to determine whether the offender is a sexual predator. The court may deny the recommendation and determine that the offender is not a sexual without a hearing but shall not make a determination that the offender is a sexual predator in any case without a hearing. * * *
 If the court schedules a hearing under this division, the court shall give the offender and the prosecutor * * * notice of the date, time and place of the hearing. The hearing shall be conducted in the manner described in division (B)(1) of this section * * * and * * * the court shall consider all relevant factors * * * If the court determines by clear and convincing evidence that the offender is a sexual predator, it shall enter its determination in the offender's institutional record, shall attach the determination to the offender's sentence, shall specify that the determination was pursuant to division (C) * * *
The statute does not require the State to file a petition or request before an H.B. 180 hearing is held when the Department of Rehabilitation and Correction recommends a defendant be adjudicated a sexual predator. Accordingly, the trial court did not err in proceeding with the hearing even though the State did not comply with its October 14, 1997 Notice. The trial court did offer appellant a continuance to prepare, but appellant agreed to proceed. Under these circumstances we find appellant's due process argument meritless.
Assignment of error number one is overruled.
 II
In his second assignment of error appellant maintains that the trial court's adjudication of him as a sexual predator was contrary to the manifest weight of the evidence. Appellant maintains the trial court erred in basing its decision on the hearsay evidence presented by an investigator who had no direct knowledge of the acts surrounding the case.
In State v. Cook, supra, the Ohio Supreme Court determined R.C. Chapter 2950 is remedial in nature and not punitive. Id.
at 417. As such, we review this assignment of error under the standard of review contained in C.E. Morris Co. v. FoleyConstr. (1978), 54 Ohio St.2d 279.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279.
R.C. 2950.01(E) defines a "sexual predator" as "* * * a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.09(B)(2) sets forth the relevant factors a trial court is to consider in determining whether a person should be classified as a "sexual predator". This statute provides:
 In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In Cook, the Ohio Supreme Court explained, "[a]t the hearing, the offender and the prosecutor have the opportunity to testify, present evidence, and call and examine witnesses and expert witnesses regarding the determination of whether the offender is a sexual predator." Cook, supra at 423. The trial court should follow this procedure in making a sexual predator determination.
An H.B. 180 hearing is intended to determine the offender's status, not to determine guilt or innocence of the offender. Accordingly, the Ohio Rules of Evidence do not strictly apply to the hearing:
 [T]he Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings. Thus, reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge.
 Cook, supra, at 404, 425.
Ms. Bukovec reviewed the presentence investigation report and interviewed the victim. Her testimony served to provide the trial court with information on the statutory factors in a sexual predator determination, not to convict appellant. We find the testimony of Ms. Bukovec, although hearsay, was sufficiently reliable for the purposes of a sexual predator determination hearing.
At the close of the hearing the trial court stated:
 Of course the factors set forth under 2950.09(B)(2), the Court has to consider in deciding whether Mr. Davis is a sexual predator. It talks about all relevant factors including, but not limited to the ones set forth in that subsection.
 Of course [appellant's] ages is set forth in the presentence report, which is 36 at the time of the sentencing. He has no prior criminal record, no prior sexual offenses. At the time of these offenses, of course, the victim was between seven and 13 years of age. There was a pattern of abuse during that course of time that period of years. And it doesn't appear that there was any sexual abuse, of course, of his stepson. So there weren't multiple victims. There doesn't appear to be any use of drugs or alcohol. There doesn't appear to be any mental illness or disability of [appellant].
 As I mentioned, there does appear to be a pattern of abuse as testified to, and as contained in the presentence report. There wasn't really any threat of cruelty or display of cruelty.
 What factors the court weighs here in determining whether he is a sexual predator, although in terms of the qualification, it appears that the factors would weigh against finding he is a sexual predator. It's a situation where he is living in the same house with his step daughter. He is not out praying on strangers in the community. However, because it happened over a period of time, there's also pornography in the house, and it happened even on a daily basis at times.
The trial court analyzed the evidence in light of the statutory factors. The testimony established appellant started to abuse the victim when he was in his late twenties and the child was six years old. Appellant used his special relationship as the victim's step-father to perpetrate and prolong the sexual abuse for a period of seven years. Appellant stopped only when the victim's mother discovered the activity and removed her child from the situation.
We find these facts mitigate in favor of the trial court's decision. Accordingly, we find the trial court's classification of appellant as a sexual predator is supported by competent credible evidence, and is not against the manifest weight of the evidence. Appellant's second assignment of error is overruled.
Accordingly the judgment of the Delaware County Court of Common Pleas is affirmed.
BY: Hoffman, J., Wise. P.J. and Edwards, J. concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.
--------------------
--------------------
 -------------------- JUDGES